IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nicole Kiernicki, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23 C 14459 |
| | ) | |
| City of Chicago, Illinois; and | ) | |
| Annette Nance-Holt, in her | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

Memorandum Opinion and Order

In October 2021, defendant City of Chicago (the "City") implemented a Covid-19 vaccination policy that required certain employees to report their vaccination status through an internal portal by October 15, 2021. City of Chi. COVID-19 Vaccination Policy ("Policy"), ECF 24-1 at 3. The policy further specified that employees could submit requests for medical or religious exemptions from the policy's vaccination requirement. *Id.* at 4. Any employee who was not fully vaccinated by December 31, 2021, and who had not received an approved medical or religious exemption by that date would be placed in a non-disciplinary no-pay status and could later face disciplinary action including discharge. *Id.* at 2-3.

Plaintiff, who worked as a paramedic for the City, did not report her vaccination status by October 15, 2021, as required. She also failed to receive (or even request) an exemption or to become fully vaccinated by the December 31, 2021, deadline. In accordance with the policy, she was placed on no-pay status. Then, on February 22, 2022, plaintiff submitted a religious exemption request, asserting that she could not comply with the vaccination policy because of her religious beliefs. She alleges defendants did not grant her request.[1] Plaintiff was terminated on October 16, 2022.

Plaintiff brings this suit against the City and Annette Nance-Holt, the Fire Commissioner. She claims defendants violated the Free Exercise Clause, Equal Protection Clause, Title VII, and the Illinois Religious Freedom Restoration Act ("IRFRA"). Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that plaintiff lacks standing to bring this suit and, in any event, fails to state a claim.

For standing purposes, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Lukaszczyk v. Cook County*, 47

---

[1] Defendants maintain plaintiff submitted the request in the wrong form and to the wrong person, but I need not resolve that dispute because plaintiff's case fails for other reasons as explained below.

F.4th 587, 596 (7th Cir. 2022) (citation and internal quotation marks omitted). In assessing defendants' standing challenge, I take as true the amended complaint's plausible allegations, but may also "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). Here, that evidence includes the vaccination policy itself and plaintiff's late exemption request. Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing she has standing. *Perry v. Village of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992)).

The allegations and evidence reveal that plaintiff failed to comply with the vaccination policy by (1) failing to report her vaccination status on the portal by October 15, 2021, and (2) failing to either become fully vaccinated or secure a medical or religious exemption by December 31, 2021. The first time plaintiff raised a religious objection to the policy was on February 22, 2022, well after those deadlines had passed.

These facts are misaligned with plaintiff's theory, central to each of her claims, that defendants unlawfully denied her

3

religious accommodation request. Plaintiff was fired for her failure to comply with policy deadlines, during which time she made no mention of her religion. The alleged harm she suffered is therefore not fairly traceable to defendants' handling of her religious exemption request, so she lacks standing.

Other courts have concluded that plaintiffs challenging vaccination requirements lack standing where they did not apply for an available exemption. *See, e.g.*, *Rivera v. City of New York*, No. 22-CV-616 (PKC) (PK), 2023 WL 6385771, at *8 (E.D.N.Y. Sept. 30, 2023); *Iosilevich v. City of New York*, No. 21 CV 4717 (RPK) (LB), 2022 WL 19272855, at *7-8 (E.D.N.Y. Aug. 10, 2022); *Wade v. Univ. of Conn. Bd. of Trs.*, 554 F. Supp. 3d 366, 377 (D. Conn. 2021). Those cases concerned functional equivalents of the situation presented here because plaintiff failed to avail herself of the provided procedures--procedures she does not plausibly allege were unreasonable or illusory--regardless of whether she belatedly sought the benefits of those procedures.

Even if she had standing, plaintiff's amended complaint fails to state a claim. It is implausible that the adverse actions alleged--plaintiff's placement on no-pay status and eventual termination--are attributable to her religion. More specifically, for her Title VII claim to proceed, she must allege facts from which I can plausibly infer that she "called [her] religious observance, practice, or belief to the employer's attention" and

4

that "the religious observance, practice, or belief was the basis for the employee's discriminatory treatment." *Bube v. Aspirus Hosp., Inc.*, 108 F.4th 1017, 1019 (7th Cir. 2024) (citing *Adeyeye v. Heartland Sweeteners*, 721 F.3d 444, 449 (7th Cir. 2013)). She has not done so. For starters, while she alleges she eventually brought her religious objection to defendants' attention, that occurred only after she was in violation of the policy for missing two key deadlines. Further, because she submitted her exemption request late, the only plausible cause of her termination I can infer from the amended complaint and submitted materials[2] is her failure to comply with those deadlines.

Plaintiff's Free Exercise claim suffers the same fate because she does not plausibly allege that "a government action has burdened her exercise of a sincerely held religious belief." *Troogstad v. City of Chicago*, 571 F. Supp. 3d 901, 916 (N.D. Ill. 2021) (citing *Fulton v. City of Philadelphia*, 593 U.S. 522, 532–33 (2021)). Far from burdening her freedom to practice her religion, defendants offered plaintiff an opportunity to exempt herself from the policy on religious grounds. It is no fault of

---

[2] While courts generally may not look beyond a complaint's allegations when considering a Rule 12(b)(6) motion, there is a well-recognized exception for materials referenced in the complaint and central to its allegations. *See Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). The vaccination policy and plaintiff's exemption request fall squarely within that exception. In any event, plaintiff does not object to consideration of these documents.

5

theirs that plaintiff chose not to take that opportunity, nor does plaintiff offer a plausible explanation for why her religious beliefs precluded her from meeting the policy's deadlines.[3] *See Kondilis v. City of Chicago*, No. 23 C 2249, 2024 WL 2370204, at *5 (N.D. Ill. May 23, 2024) (dismissing as-applied Free Exercise challenge to vaccination policy because plaintiffs offered no religious reason for failing to comply with aspects of the policy), *appeal filed*, No. 24-2029 (7th Cir.). Plaintiff's IRFRA claim founders for the same reason, since a claim under that statute requires showing the government burdened the plaintiff's exercise of religion. *See* 775 Ill. Comp. Stat. 35/20 ("If a person's exercise of religion has been burdened in violation of this Act, that person may assert that violation as a claim or defense in a judicial proceeding . . . .").

That leaves plaintiff's Equal Protection claim. "When a free exercise challenge fails, any equal protection claims brought on the same grounds are subject only to rational-basis review." *Does 1–6 v. Mills*, 16 F.4th 20, 35 (1st Cir. 2021) (citing *Locke v. Davey*, 540 U.S. 712, 720 n.3 (2004)). Defendants' adoption of the

---

[3] Plaintiff alleges in conclusory fashion that her religious beliefs prevented her from complying with the reporting requirement, but conclusory allegations like this may be disregarded. Moreover, she does not allege, and the submitted documents do not suggest, she ever raised a religion-based objection, conclusory or otherwise, to this requirement prior to the policy's deadlines.

vaccination policy easily satisfies rational basis review because the policy is rationally related to the government's legitimate interest in protecting public health. Plaintiff does not discuss how the policy fares under that level of scrutiny, focusing instead on a strict scrutiny analysis, which does not apply here.

For the foregoing reasons, defendants' Rule 12(b)(1) motion to dismiss for lack of standing is granted. Plaintiff had an opportunity to respond to defendants' motion with evidence to show she has standing but failed to do so. She is not entitled to another chance through amendment or otherwise.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: October 28, 2024